UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **GRANT & EISENHOFER P.A.** | : | Case No. 1:15-mc-00005 |
| | : | |
| Plaintiff, | : | Judge _____ |
| | : | |
| vs. | : | |
| | : | |
| **BERSTEIN LIEBHARD LLP.** | : | |
| | : | |
| Defendant. | : | |

## MARKOVITS, STOCK & DEMARCO, LLC'S MOTION TO QUASH THE SUBPOENAS OF GRANT & EISENHOFER P.A. AND BERNSTEIN LIEBHARD LLP

Under Federal Rule of Civil Procedure 45, Markovits, Stock & DeMarco, LLC ("MSD") hereby moves to quash the subpoenas served on MSD by Plaintiff Grant & Eisenhofer P.A. ("G&E") and Defendant Bernstein Liebhard LLP ("BL") relating to the lawsuit pending in the United States District Court for the Southern District of New York, Case No. 14 Civ. 9839 (JMF)(AJP) ("the G&E Lawsuit"). G&E and BL each served a subpoena on MSD stemming from an attorneys' fee dispute between G&E and BL. All of G&E and BL's document requests in the subpoenas to MSD seek privileged documents relating to MSD, G&E, BL, and other law firms' representation of the Ohio Attorney General in the litigation captioned *In re Fannie Mae Securities Litigation*, Case No. 04-cv-1639 (D.D.C.). Furthermore, the subpoenas' document requests each are overly broad and would cause undue burden and expense for MSD to produce the information requested.

In light of fact that the subpoenas request information that is covered by the attorney-client privilege and/or work product doctrine, are overly broad, and would cause undue burden and expense for MSD to produce information responsive to the subpoenas, MSD respectfully requests that this Court "quash or modify" the subpoenas under Federal Rule of Civil Procedure 45(d)(3).

Dated:  April 8, 2014

Respectfully submitted,

s/ *W. B. Markovits*
W.B. Markovits (0018514)
Paul M. De Marco (0041153)
Christopher D. Stock (0075443)
Terence R. Coates (0085579)
MARKOVITS, STOCK & DEMARCO, LLC
119 East Court Street, Suite 530
Cincinnati, Ohio  45202
Phone:  (513) 651-3700
Fax:  (513) 665-0219
bmarkovits@msdlegal.com
pdemarco@msdlegal.com
cstock@msdlegal.com
tcoates@msdlegal.com

*Movant*

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

The underlying action between Grant & Eisenhofer P.A. ("G&E") and Bernstein Liebhard LLP ("BL"), currently pending before the United States District Court for the Southern District of New York, relates to an attorneys' fee dispute between G&E and BL. The contract at issue did not include Markovits, Stock & DeMarco, LLC ("MSD") in any manner. The lawsuit between BL and G&E relates to their representation of the Ohio Attorney General in the case captioned *In re Fannie Mae Securities Litigation*, Case No. 04-cv-1639 (D.D.C.), pending in the District of Columbia.

Both parties to the fee dispute lawsuit in New York have issued subpoenas (the "Subpoenas")[1] that seek documents and communications relating to MSD's legal representation of the Ohio Attorney General, the overall client in the *Fannie Mae* case. Ignoring their obligation not to request or disclose attorney-client privileged or attorney work product information, G&E and BL have sought such information from MSD through the Subpoenas. Furthermore, the Subpoenas are overly broad and would cause MSD undue burden and expenses if it were to produce documents responsive to the Subpoenas. Accordingly, this Court should quash the Subpoenas to prevent the disclosure of information falling under the attorney-client privilege and/or work product doctrine, and to prevent MSD from being subject to the undue burden and expense of responding to overly broad Subpoenas.

---

[1] The G&E subpoena is attached as Exhibit 1; the BL subpoena is attached as Exhibit 2.

## II. THIS COURT HAS JURISDICTION OVER THIS MOTION TO QUASH

Under the Federal Rules of Civil Procedure, Rule "45(d)(3) only allow[s] the court for the district where compliance is required to quash or modify the subpoena." *Semex Alliance v. Elite Dairy Genomic, LLC*, No. 3:14-cv-87, 2014 WL 1576917, at *1, n.1 (S.D. Ohio Apr. 18, 2014) (Internal citations omitted); *see also Agincourt Gaming, LLC v. Zynga, Inc.*, No. 14-CV-0708, 2014 WL 4079555, at *3 (D. Nev. Aug. 15, 2014) (noting that "[u]nder the current version of the Rule, when a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion."). This court is where compliance is required because the Subpoenas demand compliance at Cin-Tel Reporting, 810 Sycamore Street, Suite 103, Cincinnati, Ohio 45202, and Keating & Walker Attorney Service, Inc. c/o A Precision Investigation & Consulting LLC, 8216 Princeton-Glendale Rd., #260, West Chester, OH 45069. Therefore, this Court has the proper authority to determine MSD's Motion to Quash under Federal Rule of Civil Procedure 45(d).

## III. G&E'S AND BL'S SUBPOENAS SEEK INFORMATION COVERED BY THE ATTORNEY-CLIENT PRIVILEGE AND/OR WORK PRODUCT DOCTRINE

"[C]lients have an interest in maintaining their trade secrets and keeping confidential the contents of settlement negotiations made on their behalf, and the clients' interests should not be abandoned simply because their attorneys are battling over the fees awarded in the case." *In re Vitamins Antitrust Litig.*, 357 F. Supp. 2d 50, 51 (D.D.C. 2004). Furthermore, "[t]he public has an important interest in effective trial advocacy, and that

4

interest is jeopardized by public disclosure of the strategic thinking of lawyers." *Id*.  The information G&E and BL subpoenaed from MSD is information that relates to G&E, BL, MSD, and other law firms and attorneys' representation of the Ohio Attorney General in the *Fannie Mae* case.

The documents and communications G&E and BL seek for MSD to produce is information relating to counsels' representation of the Ohio Attorney General and falls under the attorney-client privilege because it includes settlement negotiations made on the client's behalf and includes communications between the Ohio Attorney General and the attorneys representing it in the *Fannie Mae* case.  Furthermore, the information G&E and BL subpoenaed from MSD seeks documents and communications establishing the strategic thinking of lawyers representing the Ohio Attorney General.  As an example of G&E's attempt to invade the attorney-client privilege and work product doctrine, the very first G&E document request seeks "[a]ll Documents and communications exchanged between MSD and Bernstein Liebhard concerning Fees in connection with the Fannie Mae Litigation."  MSD and BL were Co-Lead Counsel in the *Fannie Mae* case and all documents and communications exchanged between the two concerning fees includes the subject of conversations with the Ohio Attorney General and the discussions between MSD and BL regarding the client's representation.  And, all of the documents requests in the Subpoenas seek communications between MSD and attorneys, and, as a result, all improperly seek information that would disclose client communications and/or attorney strategies and thoughts.

To protect the Attorney General's interests in this case, MSD is barred from disclosing such information without the Attorney General's approval. No such approval has been given in this case and, as a result, MSD must refrain from trampling on the Attorney General's interests. Because the documents and communications G&E and BL seek through their Subpoenas to MSD all seek information that is covered by the attorney-client privilege and/or product doctrine, this Court should quash the Subpoenas to prevent MSD from impermissibly disclosing its clients' interests and from revealing counsels' strategic thoughts.

### IV. THIS COURT SHOULD QUASH THE SUBPOENAS BECAUSE THEY ARE OVERLY BROAD AND IMPOSE UNDUE BURDEN AND EXPENSE ON MSD

#### a. Overly Broad

Although Federal Rule of Civil Procedure 45 doesn't include overbreadth as a justification for quashing a subpoena, courts "have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011). Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Most of the documents and communications G&E and BL request through subpoena from MSD are far beyond the scope of what is relevant to the case: a dispute arising from a contract between two firms where one firm allegedly agreed to pay the other firm a portion of the fees it

6

received in the *Fannie Mae* case. The documents and communications that may be in MSD's possession relating to what amount of attorneys' other firms received in the Fannie Mae litigation is irrelevant to whether BL failed to uphold its obligations under its agreement with G&E.[2] Furthermore, the documents and communications requested from MSD that do not reference BL and G&E are irrelevant because they do not include information that details whether BL had contractual obligations to G&E. The allocation of attorneys' fees, settlement negotiations, contribution to a common fund, and MSD's communications with other attorneys in the MSD litigation that doesn't reference the G&E/BL agreement are completely irrelevant to G&E's action against BL for payment.

    b. **Undue Burden and Expense**

Rule 45 requires a party issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). When a party fails to do so, the Court must "enforce this duty and impose appropriate sanction" on the subpoenaing party." *Id*. Similarly, on a timely motion, this Court "must quash or modify a subpoena that….subject a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).

G&E and BL have taken no steps to avoid imposing an undue burden on MSD. Instead, G&E and BL have requested documents that are subject to the attorney-client privilege and/or work product doctrine, are irrelevant to whether a contract existed between G&E and BL, and are such that they impose an undue expense and burden on

---

[2] The allocation of attorneys' fees in the *Fannie Mae* case was filed with the Court, is a matter of public record, and was approved by Judge Leon.

MSD.  MSD will have to comb through all of its email communications and documents over a six year timeframe if the Subpoenas are enforced. The attorney hours needed to review that information and to produce such information is expected to cost MSD in excess of $20,000.00.  Rule 45 required G&E and BL to take reasonable precautions to prevent MSD from reviewing six years' emails and/or documents and incurring large expenses to comply with Subpoenas. This Court should quash the Subpoenas because G&E and BL have failed to take the required reasonable precautions and MSD will be forced to experience undue burden and excessive expense if required to comply with the Subpoenas.

## CONCLUSION

For the foregoing reasons, MSD respectfully asks this Court quash G&E and BL's Subpoenas.

Dated:  April 8, 2015

Respectfully submitted,

s/ *W.B. Markovits*
W.B. Markovits (0018514)
Paul M. De Marco (0041153)
Christopher D. Stock (0075443)
Terence R. Coates (0085579)
MARKOVITS, STOCK & DEMARCO, LLC
119 East Court Street, Suite 530
Cincinnati, Ohio  45202
Phone:  (513) 651-3700
Fax:  (513) 665-0219
bmarkovits@msdlegal.com
pdemarco@msdlegal.com
cstock@msdlegal.com
tcoates@msdlegal.com

*Movant*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2015 the foregoing was served upon the appropriate parties via electronic and/or regular U.S. Mail.

s/ W.B. Markovits